**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FORREST GLENN SHUNN, | No. 20-35648 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00085-BLW |
| v. | |
| GORDON BENSON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted June 21, 2021**

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Idaho state prisoner Forrest Glenn Shunn appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation,

deliberate indifference to his serious medical needs, and due process claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Watison v. Carter*,

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C.

§ 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

(dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Shunn's action because Shunn failed to allege facts sufficient to state a plausible claim.  *See Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a prisoner has no protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship"); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (elements of a First Amendment retaliation claim); *Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (deliberate indifference is a high legal standard requiring a defendant be aware of and disregard an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**

20-35648